**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 23, 2010

No. 10-10355
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FABIAN GARCIA-BAHENA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CR-58-1

Before GARWOOD, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Fabian Garcia-Bahena pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and in March 2010 was sentenced to 51 months of imprisonment and three years of supervised release. Garcia-Bahena appeals his sentence, arguing only that the district court's failure to explain the sentence and address his nonfrivolous arguments in support of a lower sentence did not satisfy the requirements of procedural reasonableness under *Rita v. United States*, 127 S.Ct. 2456, 2468-691 (2007). Garcia-Bahena acknowledges that this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court reviews for plain error when a defendant fails to object to the district court's failure to explain the sentence.  Nevertheless, he seeks to preserve for further review his contention that an objection is not required when it is premised on the district court's failure to address arguments in support of a lower sentence.  Because Garcia-Bahena did not object to the district court's failure to explain the sentence (or make any other objection to the sentence in the district court), plain error review applies.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

There is nothing to indicate that the district court did not fully consider and understand the defense arguments or the relevant facts.  Both defense counsel and government counsel "adopted" the PSR in writing, the defense requesting notice "if the Court intends to award an upward departure or variance" and the government requesting notice "if the Court intends to award a downward departure without a government motion in support, or to impose a non-guideline sentence that is lower than the guideline range stated in the presentence report."  No such notice was given.  No contention is made on appeal, and none was made below, that the PSR was incomplete or omitted material facts.  It correctly states the advisory guideline imprisonment range as 41 to 51 months.  It also states that ". . . there are no known mitigating or aggravating factors that warrant a departure from the prescribed guideline range."

At sentencing, after noting that the government and defense had adopted the PSR and that the defendant had gone over it with his counsel, the court stated: "The court then will adopt as the court's findings those matters set forth in the report, not only as it relates to the background data and information, but also the analysis made under the sentencing guidelines."  After listening to defense counsel's argument for a below guideline sentence or "for a sentence at the bottom of the range," and hearing the defendant's brief allocution ("no, just

to forgive me"), the court pronounced sentence and stated "I believe this sentence does adequately address the sentencing objectives of punishment and deterrence, as well as meeting those other factors as set forth in Title 18, United States Code, Section 3553(a)."[1]

The district court's failure to explain the within-guidelines sentence beyond referring to punishment and deterrence was not error under *Rita* that was clear or obvious. *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). Even if there were clear or obvious error, Garcia-Bahena has not shown that the error affected his substantial rights. Garcia-Bahena has not shown that an explanation for the rejection of his arguments would have changed his within-guidelines sentence. *See Mondragon-Santiago*, 564 F.3d at 365. There is no reversible plain error, and the district court's judgment is AFFIRMED.

---

[1] The day before sentencing defense counsel filed a three page "Motion for Downward Departure or Variance" requesting "Downward Departure or Variance on the Basis of Cultural Assimilation." The court denied this motion the next day by a separate written two line order, stating that the court "having considered" the motion "is of the opinion that the same should be DENIED."