# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2020

Lyle W. Cayce
Clerk

No. 19-10613
Summary Calendar

UNITED STATES OF AMERICA,

> Plaintiff-Appellee

v.

GREGORY WIND,

> Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-302-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Gregory Wind appeals the 60-month, above-guidelines range sentence he received upon pleading guilty to using a false document. Wind contends that (1) his sentence is procedurally unreasonable because the district court failed to adequately explain its reasons for departing upward and failed to consider his arguments for a downward departure, and (2) his sentence is substantively unreasonable. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10613

Because Wind "did not object to the district court's failure to explain the sentence . . . , plain error review applies." *United States v. Garcia-Bahena*, 402 F. App'x 926, 927 (5th Cir. 2010) (citing *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also Mondragon-Santiago*, 564 F.3d. at 361 ("When a defendant fails to raise a procedural objection below, appellate review is for plain error only."). The court recited in detail Wind's extensive criminal history, which includes multiple fraud and theft convictions; adopted the unobjected-to presentence report, which noted that Wind's undercounted criminal history might support a nonguidelines sentence; listened to defense counsel's and Wind's arguments for a downward departure; and explained at length why a 60-month sentence adequately addressed the relevant 18 U.S.C. § 3553(a) factors. By imposing a sentence above the guidelines range, the court implicitly found Wind's arguments for leniency unpersuasive. *See Rita v. United States*, 551 U.S. 338, 358 (2007). We are satisfied that the district court considered the parties' arguments and had a reasoned basis for exercising its sentencing authority. *See id*. at 356. And the record "makes clear both the reasons for the sentence and their adequacy as a matter of law." *United States v. Bonilla*, 524 F.3d 647, 659 (5th Cir. 2008).

Next, we review Wind's claim that his sentence is substantively unreasonable for an abuse of discretion. *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010). Wind's 60-month sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 46, 51 (2007). Contrary to Wind's assertion, the district court took his arguments for a downward departure into account but simply found them unavailing. That Wind disagrees with the court's balancing of the § 3553(a) factors is not grounds for vacating his above-guidelines sentence. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

No. 19-10613

The judgment is AFFIRMED.